UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61003-GAYLES

DENNIS HAYNES,

    Plaintiff,

        v.

POLLO OPERATIONS, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Pollo Operations, Inc.'s, Motion to Dismiss (the "Motion") [ECF No. 7]. The Court has carefully considered the Complaint [ECF No. 1] ("Complaint"), the response and reply to the Motion, and is otherwise fully advised. For the reasons that follow, the Motion shall be granted.

### I. BACKGROUND

Plaintiff Dennis Haynes is blind and, therefore, qualifies as an individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). Plaintiff also operates as a "tester" for purposes of ensuring that places of public accommodation comply with the ADA. Due to his visual impairment, Plaintiff is unable to read computer materials or access and comprehend internet websites without the use of screen reader software. Plaintiff utilizes JAWS Screen Reader software, a popular screen reader that is specifically designed for the visually impaired.

Defendant owns and operates a chain of restaurants located throughout the United States, the state of Florida, and Broward County. Defendant's physical restaurants qualify as public accommodations under the ADA. Defendant also owns and operates a website located at

www.pollotropical.com. Plaintiff alleges that Defendant's website "is an extension of, is in conjunction with, is complementary and supplemental to, the above-referenced public accommodation." [ECF No. 1, ¶ 5]. Plaintiff further alleges that Defendant's website "provides information about Defendant's public accommodation, including information about the goods, services, accommodations, privileges, benefits and facilities available to patrons." [*Id.*]. Plaintiff attempted to access and/or utilize Defendant's website but was unable to do so because portions of the website are not readable by screen reader software. Plaintiff alleges he has been denied full and equal access to Defendant's website and the content therein.

Notably, Plaintiff does not allege that he has attempted to visit one of Defendant's physical restaurant locations, or that he intends to visit one in the future. Plaintiff also fails to allege that Defendant's website impedes his ability to access its physical restaurant locations or the goods and services offered therein.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. LEGAL ANALYSIS

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). In order to state a claim under Title III, a plaintiff must allege: "(1) that [h]e is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendants denied h[im] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of h[is] disability." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1299 (11th Cir. 2005). An entity is a place of "public accommodation," and is therefore covered by the ADA, if its operations "affect commerce," and it falls within one of twelve enumerated categories. *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing 42 U.S.C. § 12181(7)(A)-(L)); *Gomez v. Bang & Olufsen Am., Inc.*, 1:16-CV-23801, 2017 WL 1957182, at *2 (S.D. Fla. Feb. 2, 2017).

Defendant's physical restaurant locations constitute places of public accommodation. *See* 42 U.S.C. § 12181(7)(B). However, with respect to Defendant's website, "[c]ourts are split on whether the ADA limits places of public accommodation to physical spaces." *Gil v. Winn-Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1319-20 (S.D. Fla. 2017) (citing competing circuit court decisions). While not directly addressing the issue in the context of websites, the Eleventh Circuit in *Rendon* analyzed whether Title III of the ADA also covered non-physical spaces. *Rendon*, 294 F.3d at 1282-83. In *Rendon,* the court concluded that Title III applied to non-

3

physical spaces because "the definition of discrimination provided in Title III covers both tangible barriers, that is, physical and architectural barriers that would prevent a disabled person from entering an accommodation's facilities and accessing its goods, services and privileges, and intangible barriers, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges." *Id.* at 1283 (internal citations omitted). Notably, while the court in *Rendon* found that Title III could apply to non-physical spaces, such as websites, its holding relied on cases that "require[d] a nexus between the challenged service and the premises of the public accommodation." *Id.* at 1284 n.4. Indeed, the majority of "[d]istrict courts within the Eleventh Circuit that have considered the question of whether websites are public accommodations have uniformly held that the ADA does not apply to a website that is wholly unconnected to a physical location." *Gil*, 242 F. Supp. 3d at 1319-20 (citing cases); *Gomez*, 2017 WL 1957182, at *3-4 (citing *Rendon* for the proposition that a plaintiff must allege some nexus between the website and the physical place of public accommodation to survive a motion to dismiss); *Haynes v. Interbond Corp. of Am.*, 17-CIV-61074, 2017 WL 4863085, at *5 (S.D. Fla. Oct. 16, 2017) (noting that "a virtual space like a website is [not] necessarily covered, especially when the claimed denial of equal access is altogether unmoored from a physical space.").

Here, Plaintiff fails to allege a sufficient nexus between Defendant's website and its physical restaurant locations. Plaintiff alleges that Defendant's website "supports, is an extension of, is in conjunction with, is complementary and supplemental to" its physical restaurant locations. *See* [ECF No. 1, ¶ 5]. Plaintiff also alleges that Defendant's website "provides access to the goods, services, facilities, privileges, advantages, or accommodations of the place of public accommodation." *See* [ECF No. 1, ¶ 8]. However, these allegations merely track the

relevant law and are too conclusory to be accepted at the motion to dismiss stage as they are not supported by any factual allegations. *Twombly*, 550 U.S. at 555. In addition, while Plaintiff repeatedly alleges that he has attempted to access and/or utilize Defendant's website, he does not allege that he ever attempted to visit any of Defendant's physical locations. *See* [ECF No. 1, ¶¶ 10, 12, 14, 16]; *see also Buchholz v. Aventura Beach Associates, Ltd.,* 17-23154-CIV, 2018 WL 318476, at *3 (S.D. Fla. Jan. 4, 2018) (finding plaintiff's allegations insufficient where plaintiff failed to allege that he attempted to access or even intended to access the defendant's physical location). Further, Plaintiff does not adequately allege that his inability to fully access Defendant's website impeded his access to Defendant's physical locations or the goods and services offered therein. Instead, Plaintiff merely alleges that the website denied him access to "information about Defendant's public accommodation." *See* [ECF No. 1, ¶ 5]. This allegation is insufficient because "[c]ourts in this district require the website to provide more than information about a defendant's business in order to state a claim under the ADA for website inaccessibility." *Gomez v. La Carreta Enterprises, Inc.,* Case No. 17-61195-CIV-DIMITROULEAS (S.D. Fla. Dec. 6, 2017) [ECF No. 30, p.6].

Based on Plaintiff's failure to allege a nexus between Defendant's website and physical locations and failure to establish that the website impeded his access to Defendant's physical locations or goods and services offered therein, the Complaint shall be dismissed. *Gomez*, 2017 WL 1957182, at *4 (dismissing complaint without prejudice for failure to allege nexus between website and access to physical location of place of public accommodation); *Buchholz,* 2018 WL 318476, at *3 (dismissing complaint where plaintiff failed to sufficiently allege a nexus between hotel's website and its physical facility, and did not allege that the inability to use and comprehend the website impeded plaintiff's access to the physical locations of the hotel);

5

*Haynes*, 2017 WL 4863085 at *5 ("In the absence of allegations that Plaintiff's inability to use BrandsMartUSA.com impedes his access to one of Defendant's physical locations, the Amended Complaint must be dismissed.").

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss [ECF No. 7] is **GRANTED**.

2. Plaintiff's Complaint [ECF No. 1] is **DISMISSED** without prejudice.

3. This action is **CLOSED** for administrative purposes and all other pending motions are **DENIED AS MOOT**.

4. Plaintiff may move to re-open this case if he files an amended complaint within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE